Alexander Hemsley, III, Esq.
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
 (201) 928-1100
Attorneys for Plaintiffs,
The Boards of Trustees of the International
Union of Operating Engineers Local 825 Pension Fund,
Operating Engineers Local 825 Welfare Fund,
Operating Engineers Local 825 Apprenticeship Training & Re-Training Fund,
Operating Engineers Local 825 Supplemental Unemployment Benefit Fund,
Operating Engineers Local 825 Saving Fund, Operating Engineers
Local 825 Profit Sharing Fund f/k/a Operating Engineers
Local 825 Annuity Fund

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, OPERATING ENGINEERS LOCAL 825 WELFARE FUND, OPERATING ENGINEERS LOCAL 825 APPRENTICESHIP TRAINING & RE-TRAINING FUND, OPERATING ENGINEERS LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, OPERATING ENGINEERS LOCAL 825 SAVING FUND, and OPERATING ENGINEERS LOCAL 825 PROFIT SHARING FUND f/k/a OPERATING ENGINEERS LOCAL 825 ANNUITY FUND, | Civil Action No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| PRIME CONSTRUCTION CORP. and UNDERGROUND UTILITIES CORP., | |
| Defendants. | |

Plaintiffs, the Boards of Trustees of the International Union of Operating Engineers Local

825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local

825 Apprenticeship Training & Re-Training Fund, Operating Engineers Local 825 Supplemental Unemployment Benefit Fund, Operating Engineers Local 825 Saving Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Boards of Trustees" or "Plaintiffs"), by way of Complaint against defendants, Prime Construction Corp. ("Prime Corp.") and Underground Utilities Corp. ("Underground Corp.") (Prime Corp. and Underground Corp. are, collectively, "Defendants"), hereby state as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. §§1132(a)(3) and 1145, and Section 301 of the Labor-Management Relations Act of 1947 (the "LMRA" or "Taft-Hartley Act"), 29 U.S.C. §185, seeking legal, injunctive and equitable relief as a result of violations of ERISA, and breaches of a Collective Bargaining Agreement between Local Union No. 825, affiliated with the International Union Of Operating Engineers, AFL-CIO ("Local 825") and Prime Corp.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1337, Sections 502(a), (e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §1132(a), (e), (f) and (g) and §1451(a), (b) and (c), and Section 301 of the LMRA, 29 U.S.C. §185.

3.      Venue properly lies in this District pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §1132(e)(2) and §1451(d), and Section 301 of the LMRA, 29 U.S.C. §185. Additionally, venue properly lies in this District pursuant to 28 U.S.C. §1391, because Plaintiffs maintain their principal place of business in this District and Defendants reside in and are subject

to personal jurisdiction in this District, and a substantial part of the events and/or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

4.      The Boards of Trustees have a principal place of business at 65 Springfield Avenue, Second Floor, Springfield, New Jersey 07081 and are the Trustees of the following jointly-administered, multi-employer, labor-management trust funds: Operating Engineers Local 825 Pension Fund, Operating Engineers Local 825 Welfare Fund, Operating Engineers Local 825 Apprenticeship Training and Re-Training Fund, Operating Engineer Local 825 Supplemental Unemployment Benefit Funds, Operating Engineers Local 825 Savings Fund, and Operating Engineers Local 825 Profit Sharing Fund f/k/a Operating Engineers Local 825 Annuity Fund (collectively, the "Funds").

5.      The Funds are established and maintained pursuant to collective bargaining agreements in accordance with Sections 302(c)(5) and (c)(6) of the LMRA, 29 U.S.C. §186(c)(5), (c)(6).  Each of the Funds is an employee benefit plan within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§1002(1), (2), (3) and 1132(d)(1), and a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§1002(37) and 1145.

6.      The Funds are also maintained pursuant to Agreements and Declarations of Trust (the "Trust Agreements") for the purposes of collecting and receiving contributions from employers who are obligated by collective bargaining agreements ("CBAs") with Local 825 to contribute to the Funds on behalf of employees performing work covered by the CBAs.

7.      In accordance with the Trust Agreements, the Trustees promulgated the Employer Contribution Collection Policy and Procedures ("Collections Policy") setting forth additional

policies and procedures for the purposes of collecting and receiving contributions from employers.

8.     The CBAs, the Trust Agreements, and the Collections Policy are plan documents within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds are third-party beneficiaries of the CBAs.

9.     The Boards of Trustees are fiduciaries within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §§1002(21) and 1132, and bring this action in their fiduciary capacity, on behalf of the Funds, their participants and beneficiaries.

10.    Defendant, Prime Corp., is a corporation organized and existing pursuant to the laws of the State of New Jersey, with a principal place of business at 22 Saw Mill Road, Warren, New Jersey, 07059, and an additional mailing address at Post Office Box 206, Vauxhall, New Jersey, 07088.

11.    At all times relevant herein, Prime Corp. has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

12.    Defendant, Underground Corp., is a corporation organized and existing pursuant to the laws of the State of New Jersey, with a principal place of business at 711 Commerce Road, Linden, New Jersey, 07036.

13.    At all times relevant herein, Underground Corp. has been an "employer" within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§1002(5) and 1145, and has been an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

## FACTS COMMON TO ALL COUNTS

**The Collective Bargaining Agreements**

14.     At all times relevant herein, Prime Corp. has been a party to CBAs with Local 825, covering workers engaged in the operation of power equipment (as defined in the CBAs), used in the construction, alteration and repair of buildings, structures, bridges, bridge approaches, viaducts, shafts, tunnels, subways, foundations, streets, highways, sewers, sewage disposal plants, filtering plants, incinerators, piers, docks, dams, dredging, port works, river and harbor improvements, pipelines, pipeline water crossings, temporary pipe fittings, sinking of wellpoints, all piping in connection with wellpoints, burning and welding, installing, repairing and maintaining of all equipment, fitting up, dismantling, repairing and maintaining and operating of machinery when done on the job, and such other work as by custom has been performed by workmen in the fields of construction outlined in the CBAs (the "Covered Work"), within the State of New Jersey and Delaware, Ulster, Sullivan, Rockland, and Orange Counties within the State of New York.

15.     The CBAs contain specific provisions regarding wages, hours, manpower referrals and staffing, manning and other working conditions for Prime Corp.'s employees in the bargaining unit represented by Local 825.

16.     The CBAs require Prime Corp. to make wage payments in accordance with the wage schedules and job classifications attached and made part of the CBA.

17.     The CBAs also require Prime Corp. to make contributions to the Funds on behalf of its employees in the bargaining unit represented by Local 825 in the amounts specified in the CBA.

18.     The CBAs require that Prime Corp. abide by the Trust Agreements and Collections Policy.

19.     The CBAs further provide that Prime Corp. will agree to execute a Collective Bargaining Agreement with Local 825 covering any subsidiary corporation or any separate corporation engaged in construction work which Prime Corp. or its officers have formed, may form or have a direct or indirect interest therein.

20.     The CBAs additionally provide that all construction operations which involve the use of "Operating Engineers" will be done by companies having a Collective Bargaining Agreement with Local 825, and that Prime Corp. shall not utilize subsidiary corporations or other corporations in which Prime Corp. or its officers have a direct or indirect interest to engage in non-Union construction activities with the effect of depriving the employees of Prime Corp. (a party to the CBAs), of work opportunities on the terms and conditions set forth in the CBAs.

21.     Moreover, pursuant to the terms of the CBAs with Local 825, as well as the Trust Agreements and Section 515 of ERISA, 29 U.S.C. §1145, Prime Corp. was required, inter alia, to pay wages to its employees and contributions to the Funds on behalf of its employees performing work covered by the CBAs at the rates and times set forth in the CBAs.

**The Audit of Prime Corp.**

22.     Pursuant to the CBAs, Trust Agreements, and Collections Policy, the Funds conducted an audit of Prime Corp.'s books and records (the "Audit"), covering the period from January 1, 2009 through August 30, 2014 (the "Audit Period").

23.     The Audit revealed that Prime Corp. failed to make all required contributions to the Funds.

24.     The Audit revealed that the total amount due and owing to the Funds was $4,904,551.23, comprised of $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60, plus audit fees in the amount of $329,421.84.

25.     The Funds have demanded payment of these sums from Prime Corp.

26.     Despite the Funds' demand, Prime Corp. has neglected, failed and refused, and continues to neglect, fail and refuse, to pay any of the amount due and owing to the Funds, and the full amount of $4,904,551.23 remains outstanding as of this date.

**The Interrelationship Between Prime Corp. and Underground Corp.**

27.     Maria Gomes, a/k/a Maria Helena Gomes, is the President of Prime Corp.

28.     Jose Gomes, a/k/a Joe Gomes, is the President of Underground Corp.

29.     Upon information and belief, Jose Gomes and Maria Gomes are husband and wife.

30.     Documents obtained during the Audit revealed that all deposits listed in Prime Corp. general ledger are received from Underground Corp. Consequently, Prime Corp. has paid and continues to pay its expenses, including wages and benefit contributions, through money received from Underground Corp.

31.     Documents obtained during the Audit further revealed that Maria Gomes receives a salary from Underground Corp., despite the fact that she is the President of Prime Corp.

32.     The Audit has additionally revealed that Prime Corp. and Underground Corp. share several of the same employees.

33.     Property tax records show that Prime Corp.'s principal business address of 22 Saw Mill Road, Warren, New Jersey, is a single-family home owned jointly by Jose Gomes and Maria Gomes.

34.     Upon information and belief, Prime Corp. and Underground Corp. perform the same types of construction work and serve the same or similar customers.

35.     Prime Corp. and Underground Corp. share the same construction equipment. In fact, construction equipment labeled as belonging to "Underground Utilities" has been used at various Prime Corp. jobsites.

36.     Upon information and belief, all construction equipment shared between Prime Corp. and Underground Corp. is stored at Underground Corp.'s principal business address at 711 Commerce Road, Linden, New Jersey.

37.     Jose Gomes and his son, Richard Gomes, have supervised and continue to supervise Prime Corp.'s jobsites and employees, despite the facts that Jose Gomes is the President of Underground Corp. and his salary is paid by Underground Corp., and the fact that Richard Gomes' salary is paid by Underground Corp.

38.     Despite the facts that Jose Gomes is the President of Underground Corp. and his salary is paid by Underground Corp., and the fact that Richard Gomes' salary is paid by Underground Corp., benefit contributions are made to the Funds on behalf of Jose Gomes and Richard Gomes by Prime Corp.

39.     All Prime Corp. and Underground Corp. employees are dispatched to their jobsites from Underground Corp.'s principal business address at 711 Commerce Road, Linden, New Jersey.

40.     Based upon the facts identified in Paragraphs 27 through 39, and based upon further information and belief, Prime Corp. and Underground Corp., have had and continue to have substantially-identical management, business purpose, operation, equipment, customers, supervision, and ownership.

41.     Upon information and belief, Underground Corp. was, and is, a veiled continuance of Prime Corp. that allowed Prime Corp. to avoid its obligations to the Funds and/or Local 825.

42.     Upon information and belief, Underground Corp. was, and is, merely a technical change of operations of Prime Corp. and/or a "disguised continuation" of Prime Corp.

43.     Upon information and belief, Underground Corp. is an alter ego and/or successor of Prime Corp. and the CBAs between Local 825 and Prime Corp. and the documents governing the Funds apply to Covered Work performed by both Prime Corp. and Underground Corp.

44.     As an alter ego and/or successor of Prime Corp., Underground Corp. is jointly liable for, with Prime Corp., inter alia, all debts owed to the Funds and/or Local 825 by Prime Corp., including, inter alia, the sum of $4,904,551.23, which is comprised of $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60, plus audit fees in the amount of $329,421.84.

45.     Based upon the facts identified in Paragraphs 27 through 39, and based upon further information and belief, Prime Corp. and Underground Corp., have been and continue to be part of a single, integrated enterprise with interrelated operations, common management, centralized control of labor relations, and common ownership.

46.     Because Underground Corp. is part of a single, integrated enterprise with Prime Corp. Underground Corp. is jointly liable for, with Prime Corp., inter alia, all debts owed to the

Funds and/or Local 825 by Prime Corp., including, inter alia, the sum of $4,904,551.23, which is comprised of $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60, plus audit fees in the amount of $329,421.84.

## FIRST COUNT
### (For Delinquent Contributions – Prime Corp. – ERISA)

47.   Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 46 of the Complaint as if fully set forth at length hereafter.

48.   Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. §1145.

49.   The Audit of Prime Corp.'s books and records revealed that Prime Corp. failed to make all required contributions to the Funds during the Audit Period.

50.   As a result of its failure to contribute $3,249,573.16  to the Funds in connection with Covered Work performed by Prime Corp.'s employees during the Audit Period, Prime Corp. has breached its CBAs with Local 825 and Section 515 of ERISA, 29 U.S.C. §1145.

51.   Additionally, upon information and belief, since the conclusion of the Audit Period, Prime Corp. has neglected, failed and refused, and continues to neglect, fail and refuse, to make all required contributions to the Funds.

52.   Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. §1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates

prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

53.     Moreover, pursuant to documents and instruments governing the Funds, including the CBAs and the Trust Agreements, employers whose contributions are delinquent are required to pay interest at the Prime Interest Rate plus 2.0% per annum, liquidated damages of 20% of the principal amount due, and audit fees.

54.     Accordingly, in connection with Covered Work performed during the Audit Period, Prime Corp. is liable to the Funds for $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60 (and interest that continues to accrue), plus audit fees in the amount of $329,421.84, plus attorneys' fees and costs.

55.     Prime Corp. is also liable to the Funds for all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

56.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

57.     As a result, Plaintiffs have suffered and will continue to suffer damages.

## SECOND COUNT
### (For Delinquent Contributions – Underground Corp. – Alter Ego)

58.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 57 of the Complaint as if fully set forth at length hereafter.

59.     At all times relevant herein, Underground Corp. was and is the alter ego and/or successor of Prime Corp.

60.     As the alter ego and/or successor to Prime Corp., Underground Corp. is liable to the Funds for the liabilities and/or obligations of Prime Corp. stemming from the Audit Period,

as well as those liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period.

61.     Therefore, Underground Corp. is liable to the Funds for the liabilities and/or obligations of Prime Corp. stemming from the Audit Period, including, inter alia, the $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60 (and interest that continues to accrue), plus audit fees in the amount of $329,421.84, plus attorneys' fees and costs.

62.     Underground Corp. is also liable to the Funds for the liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period, including, inter alia, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

63.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

64.     As a result, Plaintiffs have suffered and will continue to suffer damages.

### THIRD COUNT
**(For Delinquent Contributions – Underground Corp. – Single Employer)**

65.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 64 of the Complaint as if fully set forth at length hereafter.

66.     At all times relevant herein, Underground Corp. and Prime Corp. have been part of a single, integrated enterprise, with interrelated operations, common management, centralized control of labor relations, and common ownership.

67.     At all times relevant herein, Underground Corp. has shared and continues to share a "single-employer" status with Prime Corp.

68.     Because Underground Corp. is part of a single, integrated enterprise with Prime Corp. and has shared and continues to share a "single-employer" status with Prime Corp., Underground Corp. is liable to the Funds for the liabilities and/or obligations of Prime Corp.

stemming from the Audit Period, as well as those liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period.

69.     Therefore, Underground Corp. is liable to the Funds for the liabilities and/or obligations of Prime Corp. stemming from the Audit Period, including, inter alia, the $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60 (and interest that continues to accrue), plus audit fees in the amount of $329,421.84, plus attorneys' fees and costs.

70.     Underground Corp. is also liable to the Funds for the liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period, including, inter alia, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

71.     Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

72.     As a result, Plaintiffs have suffered and will continue to suffer damages.

## FOURTH COUNT
### (For Delinquent Contributions – Underground Corp. – CBA)

73.     Plaintiffs repeat and reallege the allegations of Paragraphs 1 through 72 of the Complaint as if fully set forth at length hereafter.

74.     Upon information and belief, Prime Corp. and/or its officers have a direct and/or indirect interest in Underground Corp.

75.     Upon information and belief, at all times relevant herein, Underground Corp. was and is a "subsidiary" and/or "separate" corporation of Prime Corp. and/or its officers, within the meaning of Prime Corp.'s CBAs with Local 825.

76.     Because Underground Corp. was and is a "subsidiary" and/or "separate" corporation of Prime Corp. and/or its officers within the meaning of Prime Corp.'s CBAs with Local 825, Underground Corp. is liable to the Funds for the liabilities and/or obligations of

Prime Corp. stemming from the Audit Period, as well as those liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period.

77.    Therefore, Underground Corp. is liable to the Funds for the liabilities and/or obligations of Prime Corp. stemming from the Audit Period, including, inter alia, the $3,249,573.16 in contributions due, plus liquidated damages in the amount of $649,914.63, plus interest in the amount of $675,641.60 (and interest that continues to accrue), plus audit fees in the amount of $329,421.84, plus attorneys' fees and costs.

78.    Underground Corp. is also liable to the Funds for the liabilities and/or obligations of Prime Corp. that have arisen since the Audit Period, including, inter alia, all outstanding contributions incurred since the Audit Period, plus liquidated damages, interest, attorneys' fees and costs.

79.    Despite demand for payment, no part of the outstanding contributions, liquidated damages, interest, attorneys' fees and costs has been paid.

80.    As a result, Plaintiffs have suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, on the First and Second Counts of the Complaint:

a.    Restraining and permanently enjoining Defendants from violating the CBAs;

b.    Granting judgment in favor of the Boards of Trustees for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions, and for money damages in the amount of the contribution delinquencies that continue to accrue and become due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions;

c.    Pre-judgment interest;

d.      Post-judgment interest;

e.      Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

f.      Audit fees;

g.      Reasonable attorneys fees and costs of suit; and

h.      For such other and further relief that this Court deems equitable, just and proper.

Dated: August 3, 2017         By: /s/ Alexander Hemsley, III
                              Alexander Hemsley, III, Esq.
                              DeCOTIIS, FITZPATRICK, COLE & GIBLIN, LLP
                              Glenpointe Centre West
                              500 Frank W. Burr Blvd.
                              Teaneck, NJ 07666
                              AHemsley@decotiislaw.com
                              (201) 928-1100
                              *Attorneys for Plaintiffs*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, and is not the subject of any pending arbitration or administrative proceeding. I am not currently aware of any other party who should be joined in this action.

I certify under penalty of perjury that the foregoing is true and correct.   Executed on this 3rd day of August, 2017

                              /s/ Alexander Hemsley, III
                              Alexander Hemsley, III, Esq.
                              DeCOTIIS, FITZPATRICK COLE & GIBLIN, LLP
                              Glenpointe Centre West
                              500 Frank W. Burr Blvd.
                              Teaneck, NJ 07666
                              AHemsley@decotiislaw.com
                              (201) 928-1100
                              *Attorneys for Plaintiffs*